IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CARGYLE BROWN SOLOMON,     *
        Plaintiff
                                     *
    v.                                     CIVIL ACTION NO. JKB-13-2632
                                     *
SHAREESE KESS-LEWIS, et al.,     *
        Defendants                   *
                                    ******

**MEMORANDUM**

Cargyle Brown Solomon ("Solomon"), a self-represented plaintiff, brings this action against Shareese Kess-Lewis and Randolph T. Lewis. Solomon has filed the case as a habeas corpus petition seeking the release of her daughter "from illegal detainment in foster care." ECF No. 1. She names as defendants, her daughter's foster parents. *Id*. After reviewing Solomon's pleadings, the court will grant Solomon's motion to proceed in forma pauperis (ECF No. 2) and summarily dismiss the petition.

Under 28 U.S.C. § 1915, an indigent litigant may commence an action in federal court without prepaying the filing fee. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] The court notes that this is at least Solomon's fifth effort in this court to reverse the findings of the state court regarding custody of her daughter. See e.g. Civil Action Nos. PWG-13-1951, PWG-13-1952, PWG-13-1953, PWG-13-2242.

The complaints of self-represented litigants are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a self-represented litigant to allow the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555–56 (2007)). Liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

Solomon seeks return of her daughter from state foster care. This court is without jurisdiction to review state child-custody determinations brought through a habeas application. *See Lehman v. Lycoming County Children's Servs. Agency*, 458 U.S. 502 (1982). The Lehman Court held that children in foster care are not in the "custody" of the state within the meaning of §§ 2241 or 2254. *Id*. at 510-11. Rather, children in foster care are "in the 'custody' of their foster parents in essentially the same way, and to the same extent, other children are in the custody of their natural or adoptive parents." *Id*. at 510. Accordingly, they do not suffer restraint on their liberty or collateral consequences as those terms are used in habeas case law sufficient to outweigh the need for finality of state custody determinations. *Id*., at 510-11. "The 'custody' of foster or adoptive parents over a child is not the type of custody that traditionally has been challenged through federal habeas." *Id*. That Solomon's parental rights have not been terminated, does not alter the outcome. *See Middleton v. Attorneys General of States of N.Y.,*

*Pennsylvania,* 396 F. 3d 207, 210 (2nd Cir. 2005) ("The rationale of '*Lehman*' does not, however, turn on [whether parental rights have been terminated but rather], focus[es] narrowly on the nature of the 'custody' at issue instead.").

Additionally, a Certificate of Appealability is not warranted. A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Solomon "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Because this court finds that there has been no substantial showing of the denial of a constitutional right, a Certificate of Appealability shall be denied. *See* 28 U.S.C.§ 2253(c)(2). Accordingly, the petition shall be dismissed with prejudice and a Certificate of Appealability shall not issue.

A separate order follows.

DATED this 26th day of September, 2013.

BY THE COURT:

/s/
James K. Bredar
United States District Judge